**FILED**
APR 1 6 2013
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Thomas Marmolejos, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-519 |
| | ) | |
| Eric H. Holder, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's *pro se* Complaint for Declaratory and Injunctive Relief and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint fails to state a claim upon which relief can be granted).

The plaintiff is a prisoner at the Federal Correctional Institution in Otisville, New York. He challenges the constitutionality of the federal law under which he was sentenced and seeks a declaration that the law is unconstitutional and an order compelling his release. Compl. at 1, 14. "[I]t is well-settled that a [person] seeking relief from his conviction or sentence may not bring [actions for injunctive and declaratory relief]." *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam) (citations omitted). Plaintiff's recourse lies, if at all, in proceedings authorized by 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion to vacate under 28 U.S.C. § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with

jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing). Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: April __7__, 2013

/s/
_____
United States District Judge
J. Boasberg